## In re APPOINTMENT OF CLERK AND MASTER FOR SEVIER COUNTY.

Supreme Court of Tennessee.

May 7, 1984.

Rehearing Denied June 11, 1984.

Sandra G. Olive, Knoxville, for appellant, Peggy Marshall; J.D. Lee, Knoxville, of counsel.

John A. Walker, Jr., Knoxville, for appellee, Carolyn P. McMahan.

## OPINION

BROCK, Justice.

Appellant, Peggy Marshall, seeks to overturn the order of the Chancery Court for Sevier County recognizing her holdover status as Clerk and Master of the Chancery Court for Sevier County and appointing in her place and stead a new Clerk and Master, appellee, Carolyn P. McMahan.

The incumbent Chancellor, Honorable Chester Rainwater, entered the contested order on January 19, 1983. Thereafter, on February 10, 1983, appellant, Peggy Marshall, filed a "Motion" in said Chancery Court, contesting her "removal" and praying that the Chancellor's order of January 19 be set aside. In that pleading the appellant denied that at the time the order was entered she was a mere holdover and denied the authority of the Chancellor to "remove" her from office and appoint a successor in her place. She also asserted that her rights had been denied because she was given no notice prior to the entry of that order that she was to be removed and a successor appointed. Thereafter, Carolyn B. McMahon, appellee, filed a "Response to Motion" asserting that at the time the Chancellor's order of January 19, 1983, was entered the constitutional term of office of appellant, Peggy Marshall, as Clerk and Master for Sevier County, had expired, thereby authorizing the Chancellor to make an appointment of a new Clerk and Master.

The Honorable Richard E. Ladd, Law and Equity Judge, was designated by the Chief Justice to hear this matter on the merits in the place of Chancellor Rainwater. Following a trial on the merits, Chancellor Ladd determined that appellant, Peggy Marshall, was a holdover Clerk and Master when Chancellor Rainwater entered

his order of January 19, 1983, and that the said order recognizing that her term had expired and appointing Carolyn P. McMahon, appellee, as the new Clerk and Master was in all respects valid and effective.

It appears that appellant Marshall was first appointed Clerk and Master for Sevier County on September 18, 1964; that she was reappointed to that office on September 1, 1970; that on September 1, 1975, she purported to resign that office but on the same date was reappointed for a full term; that on June 1, 1978, she again purported to resign, but on the same date was reappointed "for a full term." She claims a six year term beginning June 1, 1978, and ending June 1, 1984.

The decree under review holds:

"... that the reappointment of Peggy Marshall (on) June 1, 1978, immediately after her resignation as Clerk and Master on said date, is void and of no effect. The said Peggy Marshall having been first appointed Clerk and Master on September 18, 1964, her six year term of office expired September 18, 1970, her second term of office expired September 18, 1976, and her third appointment would have expired September 18, 1982. The court holds that there has been no valid appointment of a Clerk and Master of Sevier County since September 18, 1982, and that on January 19, 1983, Peggy Marshall was holding the office of Clerk and Master only as a holdover Clerk and Master. The order of January 19, 1983, appointing Carolyn P. McMahon Clerk and Master is valid and the motion is overruled."

In his findings of fact and conclusions of law, Judge Ladd states the following:

"Article VI, Section 13, of the Constitution of Tennessee (1870) provides that Chancellors shall appoint their Clerks and Masters, who shall hold their offices for six (6) years. This is further codified under Tennessee Code Annotated, § 18–5–101. Although the Constitution of 1870 set out a schedule setting forth when the previous Clerk and Masters' terms would expire and when the new

Clerk and Masters', after the election of 1870, would begin, the Constitution does not provide a set schedule of beginning and ending of terms on certain dates for Clerk and Masters as it does set forth for other officers as contained in Article VII, Section 5, of the Constitution.

"Thus, under the clear language of the Constitution and the cases interpreting it, such as *Stafford v. Williams*, 13 S.W. 783 (1889), and the legislative intent reflected by a statute such as T.C.A., § 18–2–213(b), the appointment of Clerk and Master shall be for a six (6) year term of office. Thus, it would not be proper to go back to the appointment of the first Clerk and Master of Sevier County in 1870 and count off six year terms to determine today when the Clerk and Master's term ends.

"Although some of the old cases use the wording 'full term' I find nothing else exists other than a full term under the Constitution since the Constitution directs that the term shall be for six (6) years."

We fully concur in these findings and conclusions of law announced by Judge Ladd.

Article VI, Section 13, of the Constitution of Tennessee provides:

"Chancellors shall appoint their Clerks and Masters, who shall hold their offices for six (6) years. Clerks of the inferior courts holden in the respective counties or districts, shall be elected by the qualified voters thereof for the term of four (4) years. Any clerk may be removed from office for malfeasance, incompetency or neglect of office, in such manner as may be prescribed by law."

It should be noted that this provision stipulates no time for the beginning of the term of office of the Clerk and Master, once appointed. Article VII, Section 5, of the Constitution of Tennessee provides:

"Elections for judicial and other civil officers shall be held on the first Thursday in August, One Thousand Eight Hundred and Seventy (1870), and forever thereafter, on the first Thursday in August next

preceding the expiration of their respective terms of office. The term of each officer so elected shall be computed from the first day of September next succeeding his election."

This provision applies to all elective officers but does not apply to offices such as Clerk and Master which is always filled by appointment of the Chancellors rather than by election by the people.

As noted by Judge Ladd, Section 1 of the Schedule to the Constitution of 1870 provides, in part:

"Officers appointed by the courts shall be filled by appointment, to be made and to take effect during the first term of the court held by Judges elected under this Constitution."

The provision just quoted from the Schedule was construed by this Court in *Gold v. Fite*, 61 Tenn. 237 (1872). It was there held that the provision requiring the appointment of appointive officers by the courts to be made and to take effect during the first term of court held by judges elected under the Constitution did not imperatively require the appointment to be made at the first term, and an appointment made at a subsequent term was valid. The purpose and intent of the provision was to limit the terms of the then incumbents in such offices, and to confer the power upon such courts to appoint their successors at their first terms, but not to deprive them of the power to do so afterwards, if not done at the first term. For instance, where the Chancellor failed to appoint a Clerk and Master at the first term of his court held under the Constitution, the then incumbent continued to hold the office under Article VII, Section 5, of the Constitution until the appointment and qualification of his successor, but this provision in the Schedule did not deprive the Chancellor of his power existing under Article VI, Section 13, of the Constitution to appoint the Clerk and Master at a subsequent term

"... to hold for the Constitutional term of six (6) years from the date of his last appointment." 61 Tenn. at 250.

The statutory provision for the appointment of Clerks and Masters is really declaratory of the above quoted provision from Article VI, Section 13, of the Constitution. Thus, T.C.A., § 18-5-101, provides:

"The clerks of the chancery courts are appointed by the respective chancellors, and hold their offices for six (6) years."

Nothing is there specified about the beginning and the ending of the six year term of Clerks and Masters. However, another provision of the Code does indicate the construction placed upon Article VI, Section 13, by the legislature respecting the beginning of the terms of Clerks and Masters. T.C.A., § 18-2-213, provides:

"(a) Should any clerk or clerk and master fail to comply with such order of his court, it shall be the imperative duty of the court to remove him, and appoint some other person in his [place].

"(b) If the removal be of a clerk elected by the people, the appointment shall be to fill the unexpired term, but *if the removal be of a clerk and master, or other clerk whose appointment is by law vested in the court, the appointment shall be for a full term of office.*" (Emphasis added.)

We hold, therefore, that the term of office of each Clerk and Master begins with the date of his appointment by the Chancellor and extends for six (6) years thereafter, unless it be interrupted by death, removal as provided by law, or by resignation. Then, upon the appointment of a new Clerk and Master his term shall be for the period of six (6) years next ensuing after his appointment.

Moreover, we fully agree with the conclusion of the Chancellor that the term of a Clerk and Master may not be manipulated and altered from the course set by the law as above stated, by his feigned resignation and a simultaneous reappointment by the Chancellor prior to the termination of the current term of office of six (6) years. Such bogus "resignations and reappointments" are to be disregarded in determining the lawful tenure of a Clerk and Master. Of course, a Clerk and Mas-

ter may lawfully resign his office prior to the expiration of his six (6) year term of office; but, if he does so, he may not be reappointed to that office unless some other person has intervened as such Clerk and Master by a bona fide appointment.

■ We affirm Judge Ladd's conclusion that since appellant Marshall was first appointed Clerk and Master of Sevier County on September 18, 1964, her lawful terms of office were as follows:

September 18, 1964, through September 18, 1970;

September 18, 1970, through September 18, 1976;

September 18, 1976, through September 18, 1982.

Since her last valid term of office expired on September 18, 1982, she was holding over at the time of the Chancellor's order entered January 19, 1983, under the provisions of Article VII, Section 5, that "every officer shall hold his office until his successor is elected or appointed, and qualified."

We find no error in the decree of the trial court; we, therefore, affirm it and tax the costs against appellant, Marshall.

FONES, C.J., and COOPER and HARBISON, JJ., and TATUM, Special Judge, concur.